UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4200

FRANK WILLIS CROSSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., District Judge.
(CR-97-220)

Submitted: November 30, 1998

Decided: December 21, 1998

Before NIEMEYER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Frank Willis Crosson pled guilty to conspiracy to possess cocaine powder with intent to manufacture crack and to distribute cocaine base (crack), 21 U.S.C. § 846 (1994), and received a sentence of 262 months imprisonment. He challenges his sentence, alleging that the district court erred in imposing a two-level enhancement for possession of firearms during the offense, see U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997), or alternatively, erred in assigning one criminal history point for a prior misdemeanor child abuse sentence based on his possession of the same loaded firearms and ammunition in his home. Crosson argues that the prior conviction was for conduct which was part of the instant offense. See USSG § 4A1.2(a)(1). Finding no error, we affirm.

Around the beginning of 1996, Crosson and Anthony Maldonado began obtaining cocaine powder in New York and transporting it to Durham, North Carolina, where they cooked the powder into crack and distributed it. On February 5, 1997, local authorities arrested Crosson on drug charges. During a search of his apartment, police discovered a loaded SKS rifle standing in the corner of the living room. Another loaded assault rifle and a 9 mm pistol were lying on top of separate entertainment centers, and a duffle bag containing over 100 rounds of ammunition was in the middle of the room. Crosson's two-year-old son was walking around the room when the police entered. The state drug charges were dismissed (apparently to allow a federal investigation to continue), but Crosson was convicted of misdemeanor child abuse. He received a suspended sentence of thirty days imprisonment and twelve months probation.

In the next month or so, Crosson and Maldonado found a new source for cocaine in Miami, Florida, and continued to bring substantial quantities of cocaine to North Carolina. In July 1997, Crosson

2

was again arrested on state drug charges. Federal charges quickly followed. Crosson pled guilty to a conspiracy with Maldonado and others beginning in April 1997 and extending to September 1997.

After Crosson's guilty plea, the probation officer recommended both an enhancement for possession of firearms during the offense pursuant to USSG § 2D1.1(b)(1) and one criminal history point for the misdemeanor child abuse sentence. See USSG § 4A1.1(c). Crosson objected that the enhancement and the criminal history point were based on the same conduct. Under USSG § 4A1.2(a)(1), for purposes of computing criminal history, a "prior sentence" is a sentence for conduct that is not part of the instant offense. Application Note 1 explains that conduct that is part of the instant offense is conduct that is relevant conduct under USSG § 1B1.3. However, the district court found that the child abuse conviction was for distinct conduct which was not taken into account by the enhancement for possession of firearms during the crack conspiracy.

On appeal as in the district court, Crosson relies on United States v. McManus, 23 F.3d 878, 888 (4th Cir. 1994), in which we followed United States v. Beddow, 957 F.2d 1330, 1338 (6th Cir. 1992), holding that "the appropriate inquiry [must be] whether the `prior sentence' and the present sentence involve conduct that is severable into two distinct offenses. This is necessarily a fact-specific inquiry that involves more than just a consideration of the elements of the two offenses." (internal quotation omitted). Beddow, in turn, distinguished the crime of carrying a concealed weapon from a related money laundering offense because each crime harmed different societal interests. Here, the danger to a small child posed by the presence of loaded weapons within his reach is distinct from the danger to society resulting from the distribution of unlawful controlled substances. The district court did not err in finding that the harm punished by the sentence for misdemeanor child abuse was not accounted for in computing Crosson's offense level for the instant offense. Consequently, we find that the district court did not err in making the enhancement under USSG § 2D1.1(b)(1) and also assigning a criminal history point for the prior child abuse sentence.

The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented

3

in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4